**E-FILED**
Friday, 06 April, 2007  12:38:05 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEENAN L. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3178 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Keenan L. Jackson's

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

(d/e 1) (Petition) and Jackson's Motion to Amend Pleading Pursuant to

Rule 15(A) (d/e 8) (Motion to Amend). For the reasons set forth below, the

Petition and the Motion to Amend are denied.

On April 5, 2002, Jackson was charged in a one count Indictment

(Case No. 02-30028, d/e 4) with knowingly and intentionally possessing 50

or more grams of a mixture or substance containing cocaine base (crack)

with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) &

(b)(1)(A). On June 4, 2002, Jackson, through counsel, filed a Motion to

1

Suppress (Case No. 02-30028, d/e 10).  Judge Richard Mills denied the Motion to Suppress, without holding a hearing, by Order dated August 1, 2002 (Case No. 02-30028, d/e 14).  Jackson filed a request for reconsideration, which the Court allowed.  The Court then held a limited evidentiary hearing on Jackson's Motion to Suppress.  Following the hearing, the Court denied the Motion to Suppress.  Jackson informed the Court that he wished to enter a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress.  The matter was referred to Magistrate Judge Cudmore for Report and Recommendation on the change of plea.  Upon Judge Cudmore's recommendation, Judge Mills accepted Jackson's guilty plea on September 13, 2002.

Jackson was sentenced on December 16, 2002. A Revised Presentence Report (Case No. 02-30028, d/e 25) (PSR) was prepared by the United States Probation Office in anticipation of sentencing.   The PSR recommended that Jackson be classified as a career offender under U.S.S.G. § 4B1.1.  According to the PSR, Jackson had a prior felony conviction involving the distribution of controlled substances and a prior violent felony conviction for robbery. The PSR recommended that Jackson receive a three-level reduction in offense level for acceptance of responsibility, resulting in

2

a recommended total offense level of 34.  The PSR assessed ten criminal history points, which would result in a criminal history category of V. However, as a career offender, Jackson would fall into criminal history category VI.

At sentencing, Jackson, through defense counsel Ralph Williams, objected to the PSR's career offender classification.  The Court overruled Jackson's objection, after reviewing state court records relating to the predicate offenses, and adopted the findings of the PSR.  With an offense level of 34 and a criminal history category VI, the applicable sentencing range was 262 to 327 months imprisonment.  Jackson was sentenced to 262 months imprisonment.  Jackson appealed the denial of his Motion to Suppress to the United States Court of Appeals for the Seventh Circuit, which affirmed the District Court's decision.  United States v. Jackson, 377 F.3d 715 (7th Cir. 2004).

Jackson then filed the pending Petition.  In the Petition, Jackson asserts that (1) his Sixth Amendment right to a jury trial was violated when Judge Mills "determined facts and sentence alone without jury" and (2) he was deprived his right to effective assistance of counsel.  Petition, p. 5. Jackson's ineffective assistance of counsel claim is based on alleged

deficiencies of trial counsel relating to the Motion to Suppress and Jackson's guilty plea.  The matter was transferred to this Judge by Text Order, dated April 6, 2006.  The Court directed the Government to respond to the Petition, which it has done.  See Government's Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (d/e 5) (Response).  On October 31, 2006, Petitioner filed his Motion to Amend, asserting that the sentencing judge erred in classifying him as a career offender.

### ANALYSIS

A.  Motion to Amend

The Court turns first to Jackson's Motion to Amend, which was dated October 10, 2006 and filed by the Clerk on October 31, 2006.  Jackson seeks to amend his Petition, asserting that the two prior convictions relied upon by the Court in determining his career offender status were uncounseled pleas that fail to qualify as crimes of violence or controlled substance offenses under U.S.S.G. § 4B1.1(a)(3).  Jackson's request to amend was filed after the Government filed its response to his Petition.  Under such circumstances, Rule 15(a) provides, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ.

4

P. 15(a).[1]

The Government has not consented to the amendment.  Furthermore, it is clear from the record that Jackson's proposed amendment would be futile, and the Court, therefore, denies his request for leave to amend.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for § 2255 claims.  28 U.S.C. § 2244(d)(1).  The applicable portion of AEDPA provides that the one-year statute of limitations shall run from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255, ¶ 6(1).  Jackson did not file a petition for certiorari with the Supreme Court on direct review; therefore, his judgment of conviction became final on the date at which the time for seeking such review expired.  Clay v. United States, 537 U.S. 522, 525 (2003).  The Seventh Circuit entered Judgment in Jackson's direct appeal on July 28, 2004.  See Mandate (Case No. 02-30028, d/e 59).  Jackson's conviction became final ninety days later.  See Sup. Ct. R. 13(1).  Jackson's Motion to Amend was filed in October 2006, nearly two years after his conviction became final.  Therefore, in order for Jackson's proffered supplemental claim

---

[1]The Federal Rules of Civil Procedure apply to § 2255 proceedings.  Section 2255 Rule 12.

to be timely, it must "relate back" to his original Petition, which was timely filed.

The relation back of amendments is governed by Fed. R. Civ. P. 15(c). The only relation-back provision that would be potentially applicable to the instant case is found at Rule 15(c)(2), which provides that an amendment relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The Supreme Court addressed the meaning of Fed. R. Civ. P. 15(c)(2)'s relation-back provision in the context of federal habeas proceedings and AEDPA's one-year statute of limitations in Mayle v. Felix. Mayle, 545 U.S. 644 (2005). The Mayle Court held that when a habeas petitioner seeks to amend his petition after AEDPA's one-year time limit has passed, the amended petition does not relate back, thereby escaping AEDPA's time bar, when it asserts a new ground for relief "supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. The Mayle Court expressly rejected the petitioner's request to interpret "same conduct, transaction, or occurrence" to mean same "trial, conviction, or sentence." Id. at 664.

Jackson's proffered supplemental claim asserts a new ground for relief, based on a set of facts distinct from those raised in his Petition.  Jackson's Petition asserts claims relating to his Motion to Suppress and his plea. Specifically, all of the supporting facts set out in Ground 1 of Jackson's Petition, his Sixth Amendment claim, relate to the Motion to Suppress. Furthermore, Jackson's ineffective assistance of counsel claim alleges deficiencies of trial counsel relating to the Motion to Suppress and the plea. In the Motion to Amend, Jackson seeks relief based on alleged errors relating to the application of the career offender enhancement at his sentencing.  This claim does not arise out of any conduct, transaction, or occurrence set forth in Jackson's original Petition.   Jackson's Motion to Amend is denied as futile because his proffered supplemental claim would be untimely.[2]  The Court turns its analysis to the claims raised in Jackson's Petition.

B. § 2255 Petition

A § 2255 motion allows a person in federal custody to attack his

---

[2]Even if the Court were to consider Jackson's additional claim on its merits, it would fail.  Jackson's assertion that his prior state felony pleas were uncounseled is not supported by proof or affidavit.  Furthermore, the prior convictions, for possession of a controlled substance with intent to deliver and robbery, qualify as predicate offenses for career offender status under U.S.S.G. § 4B1.1(a)(3).

sentence collaterally on constitutional grounds, because it is otherwise

illegal, or because the court that imposed it was without jurisdiction.  28

U.S.C. § 2255, ¶ 1.  Jackson's Petition  raises two grounds for relief.  This

Court must determine whether Jackson is entitled to an evidentiary hearing

on any of his claims.  Section 2255 Rule 8(a).  Under Seventh Circuit

precedent, "[a] § 2255 petitioner is entitled to an evidentiary hearing on his

claims when he alleges facts that, if proven would entitle him to relief."

Stoia v. United States, 22 F.3d 766, 768 (7th Cir. 1994).  However, before

he is entitled to an evidentiary hearing, Jackson bears the burden of filing

a detailed and specific affidavit showing that he has actual proof of the

allegations, rather than mere unsupported assertions.  Galbraith v. United

States, 313 F.3d 1001, 1009 (7th Cir. 2002).

1.  Jury Right Claim

In his first claim for relief, Jackson asserts a violation of his Sixth

Amendment right to a jury trial when the "Judge determined facts and

sentence alone." Petition, p. 5.  The facts set out to support this first claim

relate to Judge Mills' ruling on Jackson's Motion to Suppress, and

specifically question Judge Mills' credibility determinations.  The denial of

the Motion to Suppress was affirmed by the Seventh Circuit.  United States

8

v. Jackson, 377 F.3d 715.  The Court of Appeals, however, expressly noted

Jackson's failure to  challenge the district judge's factual conclusions on

appeal.   In the context of § 2255 petitions, the "law of the case" doctrine

dictates that "once this court has decided the merits of a ground of appeal,

that decision establishes the law of the case and is binding on a [court]

asked to decide the same issue in a later phase of the same case, unless there

is some good reason for reexamining it."  Fuller v. United States, 398 F.3d

644, 648 (7ᵗʰ Cir. 2005).  Because the credibility issue was not raised before

the Court of Appeals, the law of the case doctrine does not prevent this

Court from considering it.

Jackson's claim, however, fails on its merits.   There is no Sixth

Amendment right to a jury determination of a motion to suppress evidence.

Moreover, to the extent Jackson asserts that his sentence violates the

Supreme Court's decision in United States v.Booker, the Seventh Circuit

has expressly held that Booker does not apply retroactively to criminal cases,

like Jackson's, that became final before its release on January 12, 2005.

McReynolds v. United States, 397 F.3d 479, 481 (7ᵗʰ Cir. 2005) (citing

Booker,543 U.S. 220 (2005)).  Jackson fails to allege facts which, if true,

would entitle him to relief on the jury trial issue.

2.  Ineffective Assistance of Counsel

Jackson asserts that his trial counsel was ineffective in a number of respects.  To succeed on a ineffective assistance of counsel claim, Jackson must show both: (1) that his counsel's representation was objectively deficient; and (2) that the deficient performance was prejudicial to the outcome.  Strickland v. Washington, 466 U.S. 668 (1984).  It is well-settled that the absence of either prong defeats an ineffective assistance claim.  Id. at 689; Lowery v. Anderson, 225 F.3d 833, 843 (7th Cir. 2000).  Jackson bears the burden of proving counsel ineffective, and there is a strong presumption for finding otherwise.  United States v. Banks, 405 F.3d 559, 568 (7th Cir. 2005).  The Court will reverse only when it is shown with a reasonable probability that the outcome would have been different but for counsel's unprofessional errors.  Lowery, 225 F.3d at 843.

Jackson first asserts that counsel was ineffective for failing to allege facts sufficient to justify an evidentiary hearing on his Motion to Dismiss.  An examination of the docket from Jackson's criminal case reveals that, while Judge Mills initially denied Jackson's Motion to Suppress without hearing, he granted a motion to reconsider this decision.  See Order, dated August 1, 2002 (Case No. 02-30028, d/e 14); Case No. 02-30028 Minute

Entry, dated August 19, 2002.  Ultimately, Judge Mills granted Jackson an evidentiary hearing on the Motion to Suppress, limited to the question of whether or not there was a valid traffic stop.  Jackson fails to identify any other issues that he believes should have been pursued at the evidentiary hearing.  Jackson fails to show that counsel's performance was deficient in this respect, or that he suffered any prejudice.

Jackson contends that counsel was ineffective in failing to have the substance that was seized from him by police tested to determine its authenticity or quality and in failing to offer evidence to the Court that the alleged substance was not authentic.  Jackson, however, does not assert that the substance was not authentic, and he fails to identify any evidence that could have been presented to the Court on this issue.  Moreover, the Court notes that, at the change of plea hearing, Jackson admitted that, on February 10, 2001, he possessed cocaine base (crack).  Transcript of Change of Plea, dated August 28, 2002, p. 35 (Case No. 02-30028, d/e 44) (Change of Plea Transcript).  Jackson has not shown counsel's performance in this regard to be objectively deficient nor has he shown with a reasonable probability that the outcome of the criminal proceeding would have been different had counsel secured independent testing of the seized substance.

11

This claim fails.

Jackson asserts that counsel was ineffective in failing to "state facts correctly in his Memorandum of Law submitted to the Court." Petition, p. 5.   As previously noted, Judge Mills initially denied Jackson's Motion to Suppress without hearing. Jackson then filed a Motion for Reconsideration. Jackson's attorney informed the Court that he had not stated the facts correctly in the Motion to Dismiss as they related to the existence of a traffic offense.   See Order, dated August 27, 2002, p. 3 (Case No. 02-30028, d/e 17).   Judge Mills granted the motion to reconsider and allowed an evidentiary hearing on this issue.  Case No. 02-30028 Minute Entry, dated August 19, 2002.   Therefore, Jackson fails to show that he suffered any prejudice based on counsel's admitted failure to state facts correctly in the Memorandum of Law in support of the Motion to Suppress.  This claim fails.

Jackson asserts that "Counsel improperly applied pressure on defendant to plead guilty when defendant was illiterate to the 20 year sentence the court was waiting to impose." Petition, p. 5.   Jackson's assertions of improper pressure by counsel are unsupported; he fails to meet his burden of presenting a detailed and specific affidavit, showing that he

has actual proof of this allegation.  Galbraith, 313 F.3d at 1009.  Moreover,

the record reflects that Jackson was clearly informed of the possible

penalties before he entered his guilty plea.  The Court notes that, during the

change of plea hearing, Judge Cudmore expressly informed Jackson that, if

Judge Mills determined that Jackson had a prior felony drug conviction, he

faced a mandatory minimum sentence of twenty years imprisonment and

a statutory maximum of life imprisonment.  Change of Plea Transcript, p.

22.  The Contingent Plea Agreement, signed by Jackson on August 28,

2002, provided notice that the Government intended to rely at sentencing

on Jackson's prior 1994 conviction, for possession of a controlled substance

with intent to deliver, to seek a twenty-year mandatory minimum sentence.

Contingent Plea Agreement, p. 2 (Case No. 02-30028, d/e 19).  This intent

was discussed in open court during the Change of Plea Hearing.  Change of

Plea Transcript, p. 22.  This claim fails.

Finally, Jackson asserts that counsel failed to investigate or interview

possible defense witnesses to refute the police officer's testimony relating to

the traffic stop.  Jackson, however, fails to identify any of these witnesses or

provide the Court with any information as to what their testimony would

be.  These unsupported assertions are insufficient to warrant an evidentiary

hearing on this issue.  <u>Galbraith</u>, 313 F.3d at 1009

THEREFORE, it is clear from the record that Jackson is not entitled

to habeas relief, and no evidentiary hearing is warranted.  <u>See</u> <u>Prewitt v.</u>

<u>United States</u>, 83 F.3d 812, 819 (7th Cir. 1996).  Jackson's Motion to

Amend Pleading Pursuant to Rule 15(A) (d/e 8) and his Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) are

DENIED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:_____April 5_____, 2007.

FOR THE COURT.

_____s/ Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
